SILVESTRE MORENO, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moreno v. Commissioner
Docket No. 19900-88.
United States Tax Court
T.C. Memo 1989-9; 1989 Tax Ct. Memo LEXIS 9; 56 T.C.M. (CCH) 1021; T.C.M. (RIA) 89009; January 9, 1989. Silvestre Moreno, Jr., Pro se. Phillip A. Pillar, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on petitioner's motion for summary judgment filed October 7, 1988. Respondent filed his objection to petitioner's motion on November 10, 1988. This case is calendared for trial on March 3, 1989, in San Antonio, Texas. From the brief explanations set forth in the materials submitted by the parties in connection with *10 this motion, it appears that petitioner's motion is based on his belief that the $ 1,069 tax deficiency determined by respondent against petitioner for 1985 is based on section 6050J, [1] which provision was added to the Code by the Deficit Reduction Act of 1984 (Pub. L. 98-369). Because section 6050J generally was made effective only for years after 1984, and because certain events relating to respondent's determination of the tax deficiency against petitioner for 1985 allegedly occurred in 1984, petitioner contends that respondent's determination constitutes an application of section 6050J to a period of time prior to its effective date. The relevant facts as set forth in the motion papers are as follows. Sometime prior to July of 1984, petitioner obtained a mortgage loan. Petitioner purchased a mobile home with the loan proceeds. Petitioner became delinquent in his mortgage payments and First Financial Corporation ("First Financial") of Waco, Texas, foreclosed on the loan, taking back the mobile home. Respondent became aware of the foreclosure and determined that *11 as a result of the foreclosure and petitioner's discharge of the balance due on the mortgage loan, petitioner realized $ 4,425 of discharge of indebtedness income under section 61(a)(12). [2]
Contrary to petitioner's apparent understanding, section 6050J is a reporting provision that was enacted in 1984, effective January 1, 1985, to increase the reporting by mortgagees to respondent of events that may indicate, among other things, the realization by taxpayers of discharge of indebtedness income. That provision did not change the taxability of discharge of indebtedness income from the manner by which such income was taxed prior to the effective date of section 6050J. Petitioner apparently believes that in 1984, First Financial reported petitioner's discharge of the mortgage indebtedness to respondent, even though section 6050J did not require such reporting *12 until 1985. Even if we were to assume that in 1984 First Financial did report petitioner's discharge of the mortgage indebtedness to respondent, such reporting would not have any particular effect on the taxability of the discharge of indebtedness income to petitioner. [3]
For the reasons explained, petitioner's motion for summary judgment will be denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year at issue.↩
2. Sec. 61(a)(12) provides as follows: SEC. 61. GROSS INCOME DEFINED. (a) General Definition. -- Except as otherwise provided in this subtitle, gross income means all income from whatever source derived,including (but not limited to) the following items: * * * (12) Income from discharge of indebtedness; * * *↩
3. We acknowledge that the year in which First Financial reported petitioner's discharge of indebtedness income to the Internal Revenue Service may be relevant to the determination of whether petitioner should be taxed on the income in 1984 or in 1985.↩